UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE RAY BOUNDS,

                    Plaintiff,

        v.                                                Case No. 24-cv-129-pp

KIRSTEN L. JOHNSON, RANDY JONES
and ZACK HENDERSON,

                    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT
UNDER 28 U.S.C. §1915, DENYING AS MOOT PLAINTIFF'S MOTION FOR
HEARING (DKT. NO. 6) AND DISMISSING CASE**

---

In January 2024, plaintiff Willie Ray Bounds, who is representing himself, filed this case and one other in this court. See Bounds v. People Ready Temp Agency, *et al.*, Case No. 24-cv-96. In each case, the plaintiff filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. In Case No. 24-cv-96, the court granted the motion to proceed without prepaying the filing fee but dismissed the complaint for failure to state a claim. Bounds, Case No. 24-cv-96, Dkt. No. 4.

A week after the plaintiff filed the complaint in this case, the court received from the plaintiff a letter stating, "this is my attorney Willie Ray Toliver" and provided an address and phone number for someone in Seattle, Washington. Dkt. No. 4. The plaintiff asked the court to call with any questions and said he also was open to a Zoom call. Id. To date, no attorney has entered a notice of appearance on behalf of the plaintiff.

1

A week after the court received that letter, the plaintiff filed another letter, this one "requesting to have an [sic] Zoom Court Hearing" on his case. Dkt. No. 6. He again indicated that Willie Ray Toliver "will be [his] attorney." <u>Id.</u>

This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee the instant case, dkt. no. 2, and screens his complaint, dkt. no. 1. Because the plaintiff has failed to state a claim, the court will dismiss the case without prejudice. The court will deny the plaintiff's letter motion for a hearing as moot. Dkt. No. 6.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff is able to pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff has stated that he is not employed, not married and does not have dependents that he is supporting. Dkt. No. 2 at 1. He earned $300 per month when he was working and indicates that he was a student (but "not now"). <u>Id.</u> at 2. At the bottom of page 4, the plaintiff indicates that he is a student at M.A.T.C. in Madison. <u>Id.</u> at 4. The plaintiff says that he is homeless and receives $23 from FoodShare each month and pays $25 for his cellphone. <u>Id.</u> He otherwise has no monthly expenses. <u>Id.</u> at 3.

Based on the information in the affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The plaintiff says that he recently is unemployed and that he has just over one dollar in his account.

2

He says that he is homeless and that he "stay[s] from place to place." The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The plaintiff should be aware, however, that even when the court grants a plaintiff's motion for leave to proceed without prepaying the filing fee, the plaintiff still is responsible for paying the filing fee over time. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II. Screening the Complaint

### A. Federal Screening Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

3

complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff's entire complaint alleges as follows:

On January 7, 2017 Kirsten L Johnson violated my rights by not allowing me an appeal. She also slandered my name. I went through and currently going through emotional distress do to her actions. This happened at the Jewish Nursing Home. She did it to slander my name and defame my character. On November 1, 2023 Randy Jones made up false reports, failed to allow me to representation, slandered my name and using retaliation against me. This happened in a hearing via zoom meeting. He did it using pre judgement and discrimination. On November 1, 2023 Zack Henderson would not allow me proper representation. This happened in a hearing via zoom meeting. He based his decision according to what  Kirsten L Johnson and Randy Jones thought, not the decision of his own.

4

Dkt. No. 1 at 3-5.

The plaintiff seeks an award of 100,000. Id. at 7.

C.     Analysis

As the court explained to the plaintiff in his other case, the court cannot proceed if it does not have subject-matter jurisdiction. "While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021). Federal courts have jurisdiction over complaints raising issues of federal law under 28 U.S.C. §1331 and complaints asserting claims between parties who are citizens of different states which involve an amount in controversy exceeding $75,000 under 28 U.S.C. §1332. "The well-pleaded complaint rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013)).

The limited facts in the complaint do not raise a federal question or establish diversity jurisdiction. The plaintiff is suing Kristen Johnson, whom he says worked for the Wisconsin Department of Health Services in Madison, Wisconsin. According to the plaintiff, Johnson allegedly slandered the plaintiff's name on January 17, 2017 at the Jewish Nursing Home. Id. at 3. Slander is a claim that arises under state law. Even if the plaintiff had filed this case in state court, the alleged slander took place over seven years ago. Wisconsin

5

imposes time limits—referred to as a statute of limitation—that require a plaintiff seeking damages for slander to file the lawsuit within three years after the cause of action accrues or be barred from filing suit. Wis. Stat. §893.57.

The plaintiff has sued two other individuals—Randy Jones and Zack Henderson—but did not identify where they live or work. According to the plaintiff, over six years after the incident with Kristen Johnson, Randy Jones "made up false reports, failed to allow [the plaintiff] representation, slandered [the plaintiff's] name, and [used] retaliation against [the plaintiff]. Dkt. No. 1 at 3. The plaintiff says this happened in a Zoom meeting and alleges that Jones acted with "pre judgment and discrimination." Id. The court does not know where Jones worked, what reports or statements he allegedly made, or how Jones allegedly discriminated or retaliated against the plaintiff. It's not clear whether the plaintiff is a member of a protected class, where the alleged incident took place (other than in a Zoom meeting), whether either Jones or Henderson could be considered a state actor or an employer or whether the 2023 allegations about those defendants are connected to the 2017 allegations about Johnson.

The plaintiff alleges that on the same day as the incident with Jones, Zack Henderson would not allow the plaintiff representation during a Zoom hearing (rather than a meeting). The court has no idea who Henderson is or in what capacity he was making a decision about the plaintiff.

A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face and the plaintiff must provide more

6

than "mere labels and conclusions." <u>Kaminski v. Elite Staffing, Inc.</u>, 23 F.4th 774, 776 (7th Cir. 2022). The plaintiff cannot rely on generalized allegations alone. <u>See</u> <u>Doe v. Columbia Coll. Chi.</u>, 933 F.3d 849, 855 (7th Cir. 2019). The court will dismiss the complaint for failure to state a claim.

The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. <u>Runnion</u> <u>ex rel.</u> <u>Runnion v. Girl Scouts of Greater Chi. And Nw. Ind.</u>, 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile." <u>Arreola v. Godinez</u>, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted).

The court finds that it would be futile to allow the plaintiff to amend. This is the second complaint filed by the plaintiff since January with few—if any—facts supporting the allegations. <u>See</u> <u>Bounds</u>, Case No. 24-cv-96, Dkt. No. 1. This is the ninth case filed by the plaintiff in this district. Judge Goodstein previously dismissed a case in which he found the plaintiff to be untruthful in his representations to the court. <u>Bounds v. River Hills West Healthcare Center</u>, Case No. 08-cv-745, Dkt. No. 22 (E.D. Wis. January 9, 2009). Judge Stadtmueller dismissed a complaint at the screening stage because the plaintiff failed to "allege any facts raising a plausible inference that race, or any other protected ground, was a factor behind the grade Bounds received" at his

7

university. <u>Bounds v. Cardinal Stritch Univ.</u>, Case No. 11-cv-74, Dkt. No. 3 (E.D. Wis. Feb. 18, 2011). Judge Randa dismissed two cases filed by the plaintiff and expressed concern about the "pattern of deception" in his "serial offense of non-disclosure" when filing in this district. <u>Bounds v. Nurses Now LLC and Wendy Grant</u>, Case No. 14-cv-723, Dkt. No. 7 at 3 (E.D. Wis. Aug. 13, 2014); <u>see also</u> <u>Bounds v. Healthspan, Inc.</u>, Case No. 14-cv-713, Dkt. No. 7 (E.D. Wis. Aug. 13, 2014). The plaintiff previously filed a lawsuit against the Wisconsin Department of Health Services alleging that he had been accused of neglect in two nursing homes; that case was administratively closed because the plaintiff did not respond to the court's order and the court had not heard from him in six months. <u>Bounds v. Dep't of Health Services</u>, Case No. 17-cv-1175, Dkt. No. 15 (E.D. Wis. Sept. 13, 2019). At that time, the plaintiff did not sue—or reference—the individual defendants named in this case and some of the alleged incidents in this complaint took place long after that case was closed.

The court is dismissing this case without prejudice. If the plaintiff believes that any of the defendants acted under color of law to violate a Constitutional right or otherwise violated a federal law, he may file a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. This includes a "short and plain statement of the grounds for the court's jurisdiction," and a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). The plaintiff must explain who violated his rights (and where the person worked would be helpful in determining whether

8

the person was acting under color of law), what each defendant did, when they did, where it happened and why they did it. The plaintiff also should be aware that when he signs the complaint, he is certifying that—to the best of his knowledge and after a reasonable inquiry—the complaint is not being filed for an improper purpose, the claims are warranted by existing law, and the factual allegations have evidentiary support. Fed. R. Civ. P. 11.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§1915(e)(2)(B) and 1915(b)(1) because the complaint fails to state a claim.

The court **DENIES** as moot the plaintiff's letter motion for hearing. Dkt. No. 6.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A)). The appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

Dated in Milwaukee, Wisconsin this 2nd day of May, 2024.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

10